1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**RIOS EUBANKS, LLP**
DEVON RIOS # 270276
devon@rioseubanks.com
ELIZABETH EUBANKS # 261489
elizabeth@rioseubanks.com
HELEN LOLE #336794
helen.lole@rioseubanks.com
8605 SANTA MONICA BLVD
PMB 36132
WEST HOLLYWOOD CA 90069
TEL: (323) 530-0560


Attorneys for Plaintiff, E.I.


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| E.I. by and through her guardian ad litem, ADRIAN ILER, | ) | Case No. 2:22-CV-04257 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ***COMPLAINT FOR INJUNCTIVE RELIEF UNDER IDEA (20 U.S.C.§ 1415)*** |
| | ) | |
| vs. | ) | |
| | ) | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff E.I., by and through her conservator and guardian ad litem, Adrian Iler, allege as follows:

## JURISDICTION AND VENUE

1.   This is a civil action which this court has original subject matter pursuant to 28 U.S.C. § 1331 as the actions arise under the following laws of the United States: Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 et. seq.

2.   Venue in this Court is proper under 20 U.S.C. § 1391 (b) because the Defendant, Los Angeles School District is located within this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

3.   Plaintiff E.I. is a disabled 17-year-old student resides in the North Hills, California with her parents, Adrian Iler and Oksana Iler.

4.   E.I. is a special education student who is an individual with exceptional needs within the meaning of that term under the California Education Code § 56026.

5.   Adrian Iler is the proposed Guardian ad Litem of E.I. Adrian Iler at all times relevant herein, was, and continues to be, a resident of North Hills, California.

6.   Defendant Los Angeles School District ("the District") is a public entity duly incorporated and operating under California law as a school district.

7.   At all relevant times, the District was the local education agency responsible for the provision of a free and appropriate public education to E.I.

## PROCEDURAL BACKGROUND

8.   Under the IDEA, the parent of a student with disability may request a state-level administrative hearing to challenge the appropriateness of the special education services offered and provided by the student responsible local educational agency. 20 U. S. C. § 1415, subd. (b) and (f).

9.   During the pendency of such hearing, the student has the right to remain in her current educational program. 20 U. S. C. § 1415 (j). This is commonly referred to as the "stay-put"

provision of the IDEA, because the student "stays-put" in her last agreed-upon and implemented placement pending resolution of the dispute.

10. On January 18, 2022, Plaintiff filed a due process complaint against the District, alleging that the District violated E.I.'s right to a free appropriate public education.

11. On April 19, 2022, Plaintiff filed an amendment due process complaint.

12. E.I.'s last agreed-upon and implemented placement is described in her Individualized Education Program ("IEP") dated January 15, 2021. *See* redacted January 15, 2021 IEP, attached as "Exhibit 1."

13. On April 18, 2022 Plaintiff filed a Motion for Stay Put with the Office of Administrative Hearings ("OAH").

14. On April 21 2022, the District filed a response not opposing with the Stay Put motion and indicated that the "District is making a reasonable effort to identify, located and fund a Residential Treatment Center that is comparable to Student's last agreed upon placement." *See* Response to Motion for Stay Put dated April 21, 2022, attached as "Exhibit 2."

15. On April 22, 2022, OAH issued an order granting E.I.'s motion for Stay Put and ordering District to, without unnecessary delay, identify, locate and fund a Residential Treatment Center placement for Student that is comparable to Student's last agreed upon placement in Devereux, Texas. *See* Order Granting in Part Student's Motion for Stay Put, attached as "Exhibit 3."

## FACTUAL ALLEGATIONS

16. E.I. is a 17-year-old child diagnosed with Autism Spectrum Disorder, Attention Deficit/Hyperactivity Disorder, Major Depressive Disorder with psychotic features, Generalized Anxiety and a Vision Impairment.

17. She qualifies for special education under the category of Emotional Disturbance.

18. She has significant deficits in the areas of mental health, behavior, social-emotional functioning, visual impairment and all areas of academics.

19. She has a history of chronic pain, major depressive episodes and suicidal ideation and attempts along with multiple psychiatric hospitalizations.

20. Since 2020-2021 school year, E.I. has been placed in Devereux League City ("Devereux"), a therapeutic Residential Treatment Center ("RTC") located in League City, Texas. This placement was made and funded by the District, pursuant to E.I.'s IEP.

21. The most recent IEP authorized and implemented IEP is dated January 15, 2021. *See* IEP attached as "Exhibit 1." The January 15, 2021 IEP offered placement in a non-public residential treatment center with related services. *Id.*  This IEP provides the following supports and services necessary for E.I. to receive an educational benefit:

- General Education Curriculum in a Residential Placement in an NPS/RTC program that includes 1800 minutes per week of special day instruction.

- Assistive Technology Access to a lightweight computing device with a keyboard, word processor, speech to text, text to speech to be used at home and school during RSY and ESY on a trial basis until LAUSD assessment is able to be completed.

- Extended School Year

- Occupational Therapy: 1-5 times weekly for 30 minutes as a Direct Service

- Language and Speech Therapy: 1-5 times weekly for 30 minutes as a Direct Service.

- Psychological Services/Educationally Related Intensive Counseling Services (ERICS) in a Nonpublic School/Residential Treatment Center (NPS/RTC) are provided in an intensive, educationally related residential setting. Services include social emotional/behavior support, as appropriate. Services are available twenty-four (24) hours each day the program is open. It is a collaborative model where supports and services are provided by educational professionals and related service providers.

- Accommodations that include: Preferred seating near door, visual schedule, tasks broken down into smaller chunks, writing prompts read and discussed, graphic

organizers, highlighting of key words, directions given verbally and in writing, graphic organizers, highlighting of key words, use of math tools, completed sample problems, all assignments be read aloud, use of writing paper with raised lines, extra time to walk to and from classes, speech to text, text to speech, provide assignments scanned on computer, copy of class notes scanned, breaks and extended time as deemed appropriate.

22. On December 17, 2021, during an IEP meeting, the District represented that Devereux would lose its Certification with the California Department on December 31, 2021.  As a result, E.I. would no longer be able to attend Devereux pursuant to her IEP. District represented that it had not identified any alternative RTC programs for E.I. to transfer to, but it would continue to make efforts to identify options.

23. On December 20, 2021 E.I. returned home from placement in reliance on District's representation that Devereux will be losing the state certification, but additional RTC options would be identified.

24. To date, District has not offered any alternative RTC placement options, nor has it provided comparable services. E.I. continues to require placement in an RTC, both to keep her safe and to address her mental health and educational needs.

25.  On March 11, 2022, Mr. Iler secured a placement with Youth Care in Draper, Utah.

26.  Youth Care is certified with California Department of Education as an RTC and has indicated that they will accept E.I. and would be willing and able to support her in her IEP goals.  Youth Care has hired staff and is prepared to receive E.I.

27. District has known about this acceptance since March 11, 2022, has contacted Youth Care and has received all necessary information to place E.I. at this RTC. To date, no other RTC has accepted E.I.

28. On May 24, 2022 Youth Care sent the contracting terms requesting a contract be in place within 2 months of attendance.  Youth Care contracts with numerous Districts and

Educational Agencies in the California and represents that 2 month is a standard practice for establishing service contracts.

29. District has indicated that it may take up to 6 months to contract with Youth Care and has not followed up since May 24, 2022 with Youth Care to place E.I.

30. E.I. has now gone almost 6 months without any educational programming whatsoever. She is currently hospitalized at UCLA for suicidal ideation with a plan to electrocute herself.

31. Plaintiff has exhausted her administrative remedies.

## FIRST CLAIM FOR RELIEF

*Injunctive Relief*

32.  Plaintiff refers to, and incorporates herein by reference, all of the proceeding paragraphs as though fully set forth herein.

33.  E.I. has a right to receive a comparable IEP placement pending resolution of the due process hearing.

34.  Plaintiff sought and obtained an order from the Office of Administrative Hearings directing the District to provide E.I. with comparable placement in a residential treatment facility.

35.  The District has failed to comply with the administrative "Stay-Put" order and has failed to accept Youth Care' effort to contract or otherwise provide E.I. with comparable services and/or an alternative RTC placement.

36. As a direct result of the District's failure of securing a residential treatment facility and unjustifiably and unnecessary delaying the funding of Youth Care's services, in violation of the Stay Put Order and causing  the Plaintiff irreparable harm.

37.  Not only has E.I. lost access to her educational program, but she and her family are not safe at home without constant supervision, a comprehensive therapeutic program, and behavior management services.

38. An injunction is necessary to restore the status quo and ensure E.I. regains access to her educational program.

1

## **PRAYER FOR RELIEF**

2 Plaintiff respectfully requests the following relief:

3 1.   Order that Youth Care is a comparable placement for the purposes of stay put order

4 implementation purposes.

5 2.   Order District to immediately place E.I. at Youth Care and contract with Youth Care on

6 reasonable terms consistent with standard business practices as established herein.

7 3.   Attorneys' fees and costs of suit incurred herein; and

8 4.   For such other relief as this Court may deem just and proper.

9

10                                        Respectfully submitted,

11

12 Dated:  June 22, 2022

13                                        _/S/_____
14                                        Devon Rios
                                          Attorney for Plaintiff
15
16
17
18
19
20
21
22
23
24
25
26
27