SUE ANN SALMON EVANS, State Bar No. 151562
sevans@DWKesq.com
WILLIAM G. ASH, State Bar No. 324122
wash@DWKesq.com
Dannis Woliver Kelley
444 W. Ocean Blvd., Suite 1070
Long Beach, CA 90802
Telephone: 562.366.8500
Facsimile: 562.366.8505

Attorneys Specially Appearing for Defendant
Los Angeles Unified School District

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.I. by and through her guardian ad litem, ADRIAN ILER,<br><br>Plaintiff,<br><br>v.<br><br>Los Angeles Unified School District,<br><br>Defendant. | Case No. 2:22-CV-04257-AB-AS<br><br>**DEFENDANT LOS ANGELES UNIFIED SCHOOL DISTRICT'S STATUS REPORT**<br><br>Judge:   Hon. André Birotte Jr.<br>Courtroom:7B<br><br>**Complaint Filed:  6/22/2022** |

Pursuant to the Court's June 29, 2021, Defendant Los Angeles Unified School District ("District" or "LAUSD") hereby submits this status report ("Status Report.")

## I. JURISDICTION

The District first must address an outstanding issue with the Court's review of this matter. Plaintiff has brought this matter before the Office of Administrative Hearings ("OAH"), and the matter is pending before that body. (See Complaint for

1

Injunctive Relief ("Complaint"), at ¶ 13.) As there is an administrative review of this matter ongoing, the doctrine of exhaustion of administrative remedies applies. (See *Ross v. Blake*, 578 U.S. 632, 637 (2016); *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).) This doctrine states that, while the administrative process is ongoing, this Court lacks jurisdiction over the matter. It should also be noted that the District has not been served with the Complaint or related papers.

## II. THE TEMPORARY RESTRAINING ORDER IS MOOT

As reflected in the Court's order, no temporary restraining order or other injunctive relief is needed or otherwise justified because the relief sought is moot. The relief sought by Plaintiff involves two points: 1) an order that Youth Care is a comparable placement for the purposes of stay put order implementation purposes; and 2) an order directing the District to immediately place E.I. at Youth Care and contract with Youth Care on reasonable terms consistent with standard business practices as established herein. (Complaint, at pg. 7.) As detailed in the District's Opposition to the Ex Parte Application seeking a temporary restraining order, the District and Youth Care have reached an agreement for the placement of Plaintiff. The details of the placement are currently being negotiated, between the District, Youth Care, and Plaintiff. This Court cannot force Youth Care to accept a student, nor can the Court dictate "reasonable terms" or "standard business practices" to the parties as requested by Plaintiff. As such, regardless of whether a temporary restraining order is issued, the District, Youth Care, and Plaintiff will need to conduct the negotiations for the agreement which are currently ongoing. As such, Plaintiff's sought relief, including a temporary restraining order, are moot.

## III. THE PARTIES ARE ACTIVELY NEGOTIATING SETTLEMENT

Finally, the District wishes to assure the Court that while a full agreement has not been reached at this time, the parties continue to move closer to an agreement which would place Plaintiff at Youth Care. Additionally, the parties are in the processing resolving the claims before OAH in order to reach settlement. The

parties have been in on-going communication and settlement discussions on this case, and have been continuously negotiating since the filing of the Ex Parte Application. The District is optimistic that an agreement will be reached soon.

DATED: June 30, 2022

DANNIS WOLIVER KELLEY

By: */s/ Sue Ann Salmon Evans*
SUE ANN SALMON EVANS
Attorneys Specially Appearing for Defendants Los Angeles Unified School District

DWK DMS
3878611v1